FILED
CLERK, U.S. DISTRICT COURT

OCT 31 1996

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 1996 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 96- 977 |
| ) | |
| Plaintiff, ) | **I N D I C T M E N T** |
| ) | |
| v. ) | [18 U.S.C. § 371: Conspiracy to Commit an Offense Against the United States; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Money Laundering; 18 U.S.C. § 2: Causing an Act to Be Done and Aiding and Abetting; 18 U.S.C. § 982: Criminal Forfeiture] |
| ) | |
| SERGUEI ADONIEV, and, ) | |
| VITALY RASHKOVAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

The Grand Jury charges as follows:

COUNT ONE

[18 U.S.C. § 371]

I.  INTRODUCTORY ALLEGATIONS  During the time relevant to this indictment, in Los Angeles County, within the Central District of California, and elsewhere:

The Republic of Kazakhstan

   A.   The Republic of Kazakhstan ("Kazakhstan"), the largest country in Central Asia, was, prior to its obtaining independence in

SGL

1  1991, one of the 15 republics of the Union of Soviet Socialist
2  Republics. As a landlocked country dominated by steppes and the
3  Karakum Desert, Kazakhstan depends on importation from other
4  countries for many of its food staples, including sugar, because
5  most of its minimal farmland is devoted to pasture.
6      B.   Since gaining independence, the government of Kazakhstan
7  has attempted to shift from a communist economy dependent on Moscow,
8  Russia, to an international, free-enterprise based economy. As part
9  of this effort, the government of Kazakhstan established the
10 International Center of Business Cooperation for Kazakhstan and
11 Central Asia ("International Center"), which, as an agent and
12 instrumentality of the government, solicits and negotiates trade
13 agreements with foreign companies and investors. The International
14 Center was run by Vasiliy Krasnov.

The Defendants and Their Scheme to Defraud Kazakhstan

16     C.   Defendants SERGUEI ADONIEV and VITALY RASHKOVAN,
17 unindicted co-conspirators Bakhytjan Oralbekov and Oleg Popov, who
18 is deceased, and others known and unknown to the Grand Jury, were
19 corporate officers employed at MEGABUCKS TRADING CORPORATION
20 ("MEGABUCKS"), an alleged import/export company located at 433 North
21 Camden Drive, Beverly Hills, California.
22     D.   In early 1993, while working at MEGABUCKS, defendants
23 ADONIEV and RASHKOVAN, and unindicted co-conspirator Popov,
24 established a business called METAL AND CRYSTAL WORKS ("MCW") that
25 operated out of the MEGABUCKS offices. Thereafter, defendants
26 ADONIEV and RASHKOVAN and their co-conspirators created a scheme to
27 defraud and obtain money by false and fraudulent misrepresentations
28 in that, under the name of MCW and using wire communications in

interstate and foreign commerce, they negotiated a fraudulent contract with the government of Kazakhstan and the International Center whereby defendants ADONIEV and RASHKOVAN and their co-conspirators agreed, in exchange for approximately $6.7 million in United States currency, to deliver to Kazakhstan approximately 25,000 tons of Cuban sugar, which they knowingly neither had in their possession nor could ever legally, financially or practically sell under the terms of the contract.

  E. Defendant ADONIEV and unindicted co-conspirators Popov and Oralbekov were primarily responsible for negotiating the fraudulent sugar contract with the government of Kazakhstan and the International Center, and defendant RASHKOVAN was primarily responsible for operating the MCW office and providing administrative support for the scheme to defraud by filing the incorporation papers for MCW, setting up and managing the bank accounts, preparing needed documentation, and answering the telephone.

II. OBJECTS OF THE CONSPIRACY

  On or before July 13, 1993, and continuing to on or after October 26, 1993, in Los Angeles County, within the Central District of California, and elsewhere, defendants SERGUEI ADONIEV and VITALY RASHKOVAN, and others known and unknown to the Grand Jury, unlawfully and knowingly combined, conspired, confederated and agreed to commit wire fraud by knowingly devising and participating in a scheme to defraud and to obtain money by means of false and fraudulent pretenses and representations and causing wire communications in interstate and foreign commerce to be used in

execution of this scheme, all in violation of Title 18, United States Code, Section 1343.

III. **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

A. In order to achieve the objects of the conspiracy, between about July 13, 1993, and about October 26, 1993, defendant ADONIEV and unindicted co-conspirators Popov and Oralbekov, and others, travelled to Kazakhstan on several occasions to negotiate a contract to deliver sugar with the government of Kazakhstan and the International Center. Under the terms of the contract finalized in August, 1993, MCW agreed to sell 25,000 tons of Cuban sugar to Kazakhstan for approximately $6.7 million in United States currency. Under the agreement, the government of Kazakhstan would loan the money to purchase the 25,000 tons of Cuban sugar to the International Center, which would in turn send the money in installments by way of bank wire transfers from Kazakhstan to the MCW bank account at Wells Fargo Bank, 9600 Santa Monica Boulevard, Beverly Hills, California (account 0645-022278) ("MCW Wells Fargo Bank account"). However, as defendants ADONIEV and RASHKOVAN and their co-conspirators well knew when they contemplated, negotiated and entered the contract, MCW was not in the business of selling sugar, and, furthermore, did not have the legal, financial, or practical ability to obtain 25,000 tons of Cuban sugar under the terms of the agreement, which at prevailing market rates would have been well in excess of $9,500,000.00.

B. In furtherance of the scheme to defraud, defendant ADONIEV and RASHKOVAN and others sent, via co-conspirator Oralbekov, approximately $650,000.00 from MCW in Beverly Hills, California, to

Vladimir Kroupenev, the personal assistant to the President of Kazakhstan and a very influential government official in Kazakhstan (the equivalent of the Chief of Staff in the United States), as a bribe in order to ensure the success of the fraudulent scheme. The money was sent to Kroupenev via an account in the name of Mediterranean Trade Investment at the Scandinavian Bank, Stockholm, Sweden, which account was controlled by a casino located in Moscow, Russia, and was owned and operated by associates of defendant ADONIEV and co-conspirators Popov and Oralbekov. The money was then personally delivered by co-conspirator Oralbekov to Kroupenev. In exchange for the money, Kroupenev repeatedly assured Vasiliy Krasnov of the International Center and other government officials that MCW was a legitimate company and that Kazakhstan should do business with defendants ADONIEV, RASHKOVAN, and their co-conspirators.

  C. Having negotiated the fraudulent contract, defendants ADONIEV and RASHKOVAN and their co-conspirators, between September 8, 1993, and October, 30, 1993, caused wire transfers totalling approximately $4,040,780.00 in United States currency to be transferred in interstate and foreign commerce from Kazakhstan to Wells Fargo Bank, Beverly Hills, California, which money was subsequently used by defendants ADONIEV and RASHKOVAN to purchase luxury automobiles and other expensive items for personal consumption, and which money was not used to buy and deliver 25,000 tons of Cuban sugar.

  D. In furtherance of the scheme to defraud, and in order to respond to concerns raised by the government of Kazakhstan and the International Center that Kazakhstan had not received any sugar, defendants ADONIEV and RASHKOVAN ordered 1000 tons of sugar from

Sucden Kerry, a food broker in London, United Kingdom, worth approximately $380,000.00, for delivery to Kazakhstan, which sugar in fact came from a factory within the country of Kazakhstan.

IV. <u>OVERT ACTS</u>

In order to carry out the objects of the conspiracy, defendants ADONIEV and RASHKOVAN, along with others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the Central District of California and elsewhere:

1. On or about July 13, 1993, defendant ADONIEV wrote a letter on MCW stationary stating that co-conspirator Oralbekov had legal authority to act on behalf of MCW.

2. In about July, 1993, unindicted co-conspirator Oralbecov met with officials of the government of Kazakhstan on behalf of MCW offering assistance in bringing foreign investment to Kazakhstan.

3. On or about August 17, 1993, defendant ADONIEV and unindicted co-conspirator Popov checked in to Hotel Dostyk in Alma-Ata, the capital of Kazakhstan.

4. On or about August 26, 1993, MCW entered into a contract with the government of Kazakhstan and the International Center to supply 25,000 tons of Cuban sugar.

5. On or about August 28, 1993, defendant ADONIEV and unindicted co-conspirator Popov checked out of Hotel Dostyk in Alma-Ata, the capital of Kazakhstan.

6. On or about September 8, 1993, defendants ADONIEV and RASHKOVAN received approximately $809,885.62 from Kazakhstan into the MCW Wells Fargo Bank account.

7. On or about September 10, 1993, defendant ADONIEV bought a Bentley automobile in Beverly Hills, California, for approximately $114,484.00 in proceeds obtained from the MCW Wells Fargo Bank account.

8. On or about September 10, 1993, unindicted co-conspirator Popov bought a Mercedes Benz automobile in Santa Monica, California, for approximately $135,486.00 in proceeds obtained from the MCW Wells Fargo Bank account.

9. On or about September 13, 1993, defendants ADONIEV and RASHKOVAN received approximately $638,139.00 from Kazakhstan into the MCW Wells Fargo Bank account.

10. On or about September 29, 1993, defendants ADONIEV and RASHKOVAN received approximately $638,502.99 from Kazakhstan into the MCW Wells Fargo Bank account.

11. On or about September 30, 1993, defendants ADONIEV and RASHKOVAN received approximately $170,212.20 from Kazakhstan into the MCW Wells Fargo Bank account.

12. On or about October 5, 1993, defendants ADONIEV and RASHKOVAN received approximately $983,982.00 from Kazakhstan into the MCW Wells Fargo Bank account.

13. On or about October 6, 1993, unindicted co-conspirator Popov sent a letter from MCW to the government of Kazakhstan stating that MCW was shipping 1000 tons of sugar from a factory in Kazakhstan.

14. On or about October 7, 1993, defendants ADONIEV and RASHKOVAN received approximately $300,000.00 from Kazakhstan into the MCW Wells Fargo Bank account.

15. On or about October 15, 1993, defendant ADONIEV bought a Jeep utility vehicle in Los Angeles, California, for approximately $29,711.00 in proceeds obtained from the MCW Wells Fargo Bank account.

16. On or about October 15, 1993, defendant RASHKOVAN withdrew approximately $18,000.00 in proceeds from the MCW Wells Fargo Bank account.

17. On or about October 18, 1993, defendants ADONIEV and RASHKOVAN caused a Letter of Credit for approximately $373,680.00 to be sent from Barclays Bank, London, United Kingdom, to Sucden Kerry for payment of shipment of 1000 tons of sugar to Kazakhstan.

18. On or about October 19, 1993, defendant RASHKOVAN sent a letter from MCW to the Minister of Trade in Kazakhstan stating that sugar was on its way to Kazakhstan.

19. On or about October 20, 1993, defendant RASHKOVAN bought a Lambhorgini automobile from Beverly Hills Rolls Royce for approximately $202,018.00 in proceeds obtained from the MCW Wells Fargo Bank account.

20. On or about October 26, 1993, defendants ADONIEV and RASHKOVAN received approximately $500,000.00 from Kazakhstan into the MCW Wells Fargo Bank account.

COUNTS TWO THROUGH THIRTEEN

[18 U.S.C. §§ 2, 1343]

<u>THE SCHEME TO DEFRAUD</u>

The Grand Jury repeats and realleges each of the allegations contained in Sections I through IV set forth above in Count One as describing the manner and means by which defendants ADONIEV and RASHKOVAN, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud the Republic of Kazakhstan and for obtaining monies and property by means of false and fraudulent pretenses, representations and promises.

<u>THE WIRE TRANSFERS</u>

On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendants ADONIEV and RASHKOVAN, and others known and unknown to the Grand Jury, for the purpose of carrying out and aiding and abetting the fraudulent scheme described above, caused the following signs, signals and sounds to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce:

| <u>COUNT</u> | <u>DATE</u> | <u>FROM</u> | <u>TO</u> | <u>WIRE COMMUNICATION</u> |
|---|---|---|---|---|
| 2 | 9/8/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $809,885.62 |
| 3 | 9/15/93 | MCW | Mediterranean Trade Investment Stockholm, Sweden | Wire transfer in amount of $100,000.00 |
| 4 | 9/13/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $638,139.00 |
| 5 | 9/28/93 | MCW | Mediterranean Trade Investment Stockholm, Sweden | Wire transfer in amount of $180,000.00 |

9

| COUNT | DATE | FROM | TO | WIRE COMMUNICATION |
|---|---|---|---|---|
| 6 | 9/29/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $638,502.99 |
| 7 | 9/30/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $170,212.20 |
| 8 | 10/8/93 | MCW | Mediterranean Trade Investment Stockholm, Sweden | Wire transfer in amount of $120,000.00 |
| 9 | 10/5/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $983,982.00 |
| 10 | 10/7/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $300,000.00 |
| 11 | 10/8/93 | MCW | Mediterranean Trade Investment Stockholm, Sweden | Wire transfer in amount of $120,000.00 |
| 12 | 10/15/93 | MCW | Mediterranean Trade Investment Stockholm, Sweden | Wire transfer in amount of $250,000.00 |
| 13 | 10/26/93 | Kazakhstan | Wells Fargo Bank Beverly Hills, California | Wire transfer in amount of $500,000.00 |

COUNTS FOURTEEN THROUGH TWENTY

[18 U.S.C. §§ 2, 1957]

### THE SCHEME TO DEFRAUD

The Grand Jury repeats and realleges each of the allegations contained in Sections I through IV set forth above in Count One as describing the manner and means by which defendants ADONIEV and RASHKOVAN, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud the Republic of Kazakhstan and for obtaining monies and property by means of false and fraudulent pretenses, representations and promises.

### THE MONEY LAUNDERING

On the dates set forth below, defendants ADONIEV and RASHKOVAN, and others known and unknown to the Grand Jury, in Los Angeles County, within the Central District of California, and elsewhere, knowing that the property involved in the monetary transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of a scheme to defraud in violation of Title 18, United States Code, Section 1343 as described above, knowingly and willfully conducted, attempted to conduct, and aided, abetted, counselled, commanded, induced, and procured the following monetary transactions affecting interstate and foreign commerce, in that defendants ADONIEV and RASHKOVAN caused to be deposited wire transfers in the following approximate amounts, the proceeds of which had been generated by the above-described scheme to defraud, into the MCW bank account at Wells Fargo Bank, 9600 Santa Monica Boulevard, Beverly Hills, California (account 0645-022278):

| | COUNT | DATE | AMOUNT OF DEPOSIT |
|---|---|---|---|
| 1 | | | |
| 2 | 14 | 9/8/93 | $809,885.62 |
| 3 | 15 | 9/13/93 | $638,139.00 |
| 4 | 16 | 9/29/93 | $638,502.99 |
| 5 | 17 | 9/30/93 | $170,212.20 |
| 6 | 18 | 10/5/93 | $983,982.00 |
| 7 | 19 | 10/7/93 | $300,000.00 |
| 8 | 20 | 10/26/93 | $500,000.00 |

COUNT TWENTY-ONE

[18 U.S.C. § 982]

Upon conviction for the offenses charged in counts fourteen through twenty, defendants ADONIEV and RASHKOVAN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real or personal, involved in each said offense and all property traceable to such property, including but not limited to all deposited funds and all interest and proceeds traceable thereto credited to account number 0645-022278 at Wells Fargo Bank, 9600 Santa Monica Boulevard, Beverly Hills, California, and all accounts in the name of MCW at Merrill Lynch, 468 North Camden Drive, Beverly Hills, California.

A TRUE BILL

/s/ Yvanne Doddard
Foreperson


NORA M. MANELLA
United States Attorney

/s/ Richard E. Drooyan
RICHARD E. DROOYAN
Assistant United States Attorney
Chief, Criminal Division


JAMES P. WALSH
Assistant United States Attorney
Chief, Organized Crime and Racketeering Strike Force

13